IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENYEHUDEH WHITFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-653-JPG |
| | ) |
| MICHAEL ATCHINGSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

GILBERT, District Judge:

On July 8, 2013, Plaintiff Whitfield filed suit in this Court under 42 U.S.C. § 1983, alleging that Defendants violated his federally secured constitutional rights when they held him in prison beyond his correct release date. Now before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 2).

At the time he filed the instant complaint, Plaintiff was living in a personal residence, having been released from Illinois Department of Corrections custody on July 7, 2011 (Doc. 1, p. 4). As such, Plaintiff does not meet the statutory definition of prisoner[1] for purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all

---

[1] The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

**The Complaint**

Plaintiff entered into a negotiated guilty plea agreement on August 28, 1999, in the Circuit Court of Cook County, under which he was given a 25-year sentence on three counts of home invasion, with day-for-day good conduct credits to apply (Doc. 1, p. 2; Doc. 1-1, pp. 1-2). He was credited with 1695 days of pre-sentencing detention (Doc. 1-1, p. 2). He asserts that the plea agreement did not include the imposition of a three-year term of mandatory supervised release ("MSR") to be served after the end of his incarceration. Plaintiff had also been sentenced to three years on unrelated charges pursuant to another negotiated plea, which

also did not include an MSR term.  That three-year sentence was to be served consecutively to the 25-year home invasion sentence for a total of 28 years in custody (subject to day-for-day reduction for good time) (Doc. 1, p. 2).

When Plaintiff had completed his 28-year sentence, but before he was released from prison, he was told he would be required to serve three years on MSR.  He filed grievances over this issue while in custody at Menard Correctional Center on October 20, 2010, and at Western Illinois Correctional Center on January 17, 2011 (Doc. 1, p. 3).  In response to the later grievance, he was told to address his concern to the Prisoner Review Board, which he did.  However, he got no reply from them.

Plaintiff asserts that the correct date of his release should have been December 7, 2005 (Doc. 1, p. 3).  Because he lost 13 months' good conduct credits, however, the release date (to begin his MSR term) was delayed until January 7, 2010.  He was still not released on that date because he initially refused to sign an agreement to be subject to electronic monitoring while on MSR.  Several days later, he signed that document, and the Prisoner Review Board ("PRB") ordered him to be released on MSR (Doc. 1, p. 4).  Despite Plaintiff's acquiescence to the electronic monitoring condition, Menard officials still refused to release him, and the PRB later revoked Plaintiff's MSR term while he remained in prison.  On top of that, Plaintiff was sent to segregation for three months when he refused to sign the electronic monitoring document.

After having been transferred to Western Illinois Correctional Center, Plaintiff was discharged from prison on July 7, 2011 (Doc. 1, p. 4).  He claims that Defendants forced him to serve a more onerous sentence than he had bargained for in his plea agreements (Doc. 1, p. 5).  He calculates that he was held in custody for four-and-one-half years[2] longer than he should

---

[2]  It is not clear from the complaint how much of this period Plaintiff spent in prison, and how much time he spent in MSR status, which also constitutes "custody," albeit in a less restrictive form.

have been (Doc. 1, p. 2).

In addition to his constitutional claim, Plaintiff asserts a state law claim of official misconduct against all named Defendants (Doc.1, pp. 6, 15). He seeks compensatory and punitive damages.

The Defendants herein are: Menard prison employees Michael Atchingson, Donald Gaetz, Tera Goines, Betsie Spiller, and David Redneur; Prisoner Review Board members Eric Althoff, Angie Blackmon-Donovan, Craig Findley, William Harris, Milton Maxwell, Jorge Montes, and Nancy Bridges-Nicholson; Western Illinois Correctional Center employees Jennette Cowan and Mr. Young; the State of Illinois, the Illinois Department of Corrections, and the Prisoner Review Board (Doc. 1, pp. 7-10).

**Disposition**

Plaintiff's complaint survives review under § 1915(e)(2). His sworn IFP motion establishes that he is indigent for purposes of IFP review. Nothing indicates that his action is frivolous or malicious. And at this point, the Court cannot conclude that his action fails to state any claim upon which relief could be granted.

However, three of the Defendants are subject to dismissal. Plaintiff asserts that he is suing Defendants Illinois Department of Corrections, the Illinois Prisoner Review Board, and the State of Illinois "under the theory of *respondeat superior*" (Doc. 1, pp. 14-15). But there is no supervisory liability in a in a § 1983 action. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Moreover, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against

states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).  For this reason, the State of Illinois as well as its Department of Corrections and Prisoner Review Board, both divisions of the state government, are immune from being sued in a § 1983 action.  *See Will*, 491 U.S. at 71.  These Defendants shall be dismissed.

**Disposition**

Plaintiff's motion (Doc. 2) for leave to proceed IFP is **GRANTED**.  Plaintiff will be allowed to proceed in the action without payment of any fees.  *See* 28 U.S.C. § 1915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not responsible for paying filing fee at all).

Defendants **STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS,** and **PRISONER REVIEW BOARD** are **DISMISSED** from the action with prejudice.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **ATCHINGSON, ALTHOFF, BLACKMON-DONOVAN, COWAN, FINDLEY, GAETZ, GOINES, HARRIS, MAXWELL, MONTES, BRIDGES-NICHOLSON, SPILLER, REDNEUR**, and **YOUNG** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the*

*parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that because he is proceeding *pro se,* he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. A notice of change of address must be filed within **7 days** of any such change occurring. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 23, 2013**

**s/ J. PHIL GILBERT**
**U.S. District Judge**
