IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENYEHUDAH WHITFIELD,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No. **3:13-cv-00653-JPG-PMF** |
| **MICHAEL ATCHINGSON,** *et al.*, | ) ) ) |
| **Defendants.** | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

The plaintiff filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights by requiring him to serve three a year mandatory supervised release ("MSR") term. Pending before the Court are the defendants' Motions to Dismiss (Docs. 31 and 66). The defendants assert that the complaint should be dismissed because it fails to state a claim, is barred by *Heck v. Humphrey*, 512 U.S. 477 (1984), and is barred by *res judicata*. The plaintiff filed a response in opposition (Doc. 33). Because the claim is barred by *Heck v. Humphrey*, it is RECOMMENDED that the defendants' motion to dismiss be GRANTED.

On December 7, 1994 the plaintiff was charged with home invasion in Illinois state court. A plea agreement was entered into on July 28, 1999 and the plaintiff agreed to serve a twenty-five year sentence in the Illinois Department of Corrections ("IDOC"). Pursuant to Illinois statute, the plaintiff was also required to serve a three year period of MSR following the twenty five year sentence. Furthermore, on October 2, 1996 the plaintiff plead guilty to an unrelated charge of aggravated battery and agreed to serve a three year sentence. In total, the plaintiff was required to serve twenty eight years along with a three year period of MSR.

However, the plaintiff contends that he was unaware that he would be required to serve MSR term when he entered into the plea agreement in 1999. Although the MSR term is required by Illinois statute, it was never specifically listed on his plea agreement. The plaintiff filed a habeas corpus petition in the Circuit Court of Cook County on September 8, 2009 arguing that he should not be required to serve the three year period of MSR because it was not included in the plea agreement. The Circuit Court judge denied the plaintiff's petition but amended the sentencing order *nunc pro tunc* to include the three year MSR term. The plaintiff filed a motion to reconsider the denial of his petition, but the plaintiff's motion was denied. On January 20, 2010 the plaintiff appealed the Circuit Court's denial of his habeas corpus petition.  The plaintiff's court appointed attorney filed a brief alleging that the appeal lacked merit, and the appeal was later dismissed.

On July 7, 2011 the plaintiff was released from IDOC custody. About two years after his release the plaintiff filed four simultaneous cases in federal court. All four cases concern the duration of his custody at IDOC. In *Whitfield v. Althoff et al*., No. 3:13-cv-03192-RM-TSH (C.D. Ill), the plaintiff filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging that IDOC Adjustment Committee Members violated his due process rights when they reduced his good time credits. In *Whitfield v. Ford et al.*, 3:13-cv-03197-RM-BGC (C.D. Ill) the plaintiff filed a 42 U.S.C. § 1983 suit alleging that his due process rights were violated when he was denied a sentence reduction for completing educational and vocational programs. The suit was dismissed for failure to state a claim on the basis that the plaintiff does not have a liberty interest in "program credits." In *Whitfield v. Finkle, et al*., No. 1:13-cv-04910 (N.D. Ill) the plaintiff filed a 42 U.S.C. § 1983 suit against the Cook County Circuit Court judge (among other named defendants) who denied his habeas corpus petition back in 2009. The suit was dismissed because the two year statute of

limitations for 42 U.S.C. § 1983 actions in Illinois had passed. However in an appellate order from October 10, 2014, the Seventh Circuit stated that "the appellant's § 1983 claim challenges the validity of his term of mandatory supervised release and thus, it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), unless he succeeds in having his convictions or sentences set aside. The appellant has not successfully completed that step, and thus his claim is not yet cognizable." *Whitfield v. Finkle, et al.*, No. 14-2500, (7th Cir. 2014).

The instant case is one of the plaintiff's four cases that concerns the duration of his sentence. The plaintiff claims that his Fourteenth Amendment due process rights were violated when the defendants required him to serve the MSR period. The defendants now seek dismissal of the case. Because the plaintiff again filed a lawsuit pursuant to 42 U.S.C. § 1983 challenging the validity of the MSR, this case is also barred by *Heck v. Humphrey*. The defendants' motion to dismiss should therefore be granted.

## RECOMMENDATION

It is RECOMMENDED that the defendants' motions to dismiss should be GRANTED.

**SO RECOMMENDED.**

DATED:   November 6, 2014 .

                              s/Philip M. Frazier
                              **PHILIP M FRAZIER**
                              **UNITED STATES MAGISTRATE JUDGE**