IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENYEHUDAH WHITFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-00653-JPG-PMF |
| | ) | |
| MICHAEL ATCHINGSON, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on the reconsideration of the Report and Recommendation ("R & R") (Doc. 87) of Magistrate Judge Philip M. Frazier with regard to Defendants' Motions (Doc. 31 & 66) to Dismiss. The R & R was previously adopted in its entirety and Defendants' Motion to Dismiss was granted. (Doc. 88). However, at the time the Court considered the R & R, there were no objections on file. Plaintiff's Motion for Reconsideration provided justification for the delay in the filing of his objections and this Court granted Plaintiff's Motion for Reconsideration (Doc. 94) stating that it would consider Plaintiff's Objections (Doc. 90) and reconsider the R & R. The Order also provided additional time for the Defendants to respond to Plaintiff's objections in light of the reconsideration by the Court. The Defendants have not filed a response or objections and the time for responding has passed.

I. **Background.**

Plaintiff filed suit in this Court under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights when they held him in prison beyond his correct release date. Plaintiff was arrested and charged with home invasion in Cook County, Illinois on December 7, 1994. (Doc. 1). On July 28, 1999, he entered a plea agreement to three counts of home invasion in exchange for 25 year sentence and credit for 1695 days served. He also entered into a prior,

separate plea agreement on October 2, 1996, on two unrelated charges of aggravated battery in which he received three years on both counts to run consecutive to the home invasion sentence for a total of 28 years (subject to day-for-day reduction for good time.)  Although not noted in sentencing, the home invasion charges carried with it a three-year term of mandatory supervised release ("MSR") pursuant to statute. (Doc. 1-1).

The 28 years sentence, with good time, should have been completed on December 7, 2005, but 13 months of good conduct credit was revoked and plaintiff was scheduled to be released on January 7, 2007.[1]  Plaintiff alleges that once he completed his 28 year sentence, he was informed that he needed to serve his three-year term of MSR.  Prior to that time, Plaintiff claims he was unaware of any sentence of MSR and while he was still in custody, he filed several grievances on the issue.

Plaintiff filed a habeas corpus petition in the Circuit Court of Cook County on September 8, 2009, challenging the constitutionality of his MSR term.  His petition was denied on September 25, 2009 as the Court concluded that even if the Plaintiff was not admonished of the MSR term, the term was statutorily required and Plaintiff would have to serve it.  The Court then amended Plaintiff's sentencing order *nunc pro tunc* to reflect the required MSR period.  Plaintiff appealed the decision, but the Illinois Appellate Court dismissed the appeal with a finding of no meritorious issue.

The Court notes that Page 4 of Document 1-1 is a Prisoner Review Board Order dated September 16, 2009, that states, "Mandatory Supervised Release Approved Effective When Eligible" and informs the Plaintiff of the conditions of MSR which included anger management

---

[1] The Court does not have prison records to confirm the release date and/or good time credits.  As such, the Court is taking the information provided by the Plaintiff as correct and in the light most favorable to the Plaintiff. However, the Complaint states 1/7/2010, but 13 months lost time added to the December 2005 date would place the correct date to January 7, 2007 – the date Plaintiff states in his objections.

counseling, electronic monitoring, and no victim contact. However, the portion of the form that requires the releasee's signature states, "cuffed." Page 5 of Document 1-1 is also a Prisoner Review Board Order that is dated February 24, 2010, which indicates that Plaintiff's MSR was revoked as of January 7, 2010, because Plaintiff violated conditions(s) #16 and under evidence it states that Inmate failed to sign MSR papers. Therefore, it appears that the Plaintiff remained in the custody of the Illinois Department of Corrections (IDOC).

On July 7, 2011, the Plaintiff was released from IDOC custody and two years later he filed four cases concerning the duration of his custody: *Whitfield v. Althoff et al.*, No. 3:13-cv-03192-RM-TSH (C.D. Ill), a 42 U.S.C. § 1983 alleging that IDOC Adjustment Committee Members violated his due process rights when they reduced his good time credits; *Whitfield v. Ford et al.*, 3:13-cv-03197-RM-BGC (C.D. Ill), a 42 U.S.C. § 1983 suit alleging that his due process rights were violated when he was denied a sentence reduction for completing educational and vocational programs (this suit was dismissed for failure to state a claim on the basis that the plaintiff does not have a liberty interest in "program credits."); *Whitfield v. Finkle, et al.*, No. 1:13-cv-04910 (N.D. Ill), a 42 U.S.C. § 1983 suit against the Cook County Circuit Court judge (among other named defendants) who denied his habeas corpus petition back in 2009 (suit dismissed because the two year statute of limitations for 42 U.S.C. § 1983 actions in Illinois had passed); and the case at bar.

In this matter, Plaintiff claims that he should have been released on MSR no later than January 7, 2007, but was held until July 7, 2011. From what the Court can determine, Plaintiff never served the period of MSR, but remained in prison. There are several confusing documents indicating:

    a) "Offender is technical MSR violator;"

    b) Plaintiff violated his terms of MSR and his "Parole or release" was revoked; and

    c) Documents dated February 24, 2010 and May 19, 2010 that indicates the Plaintiff was declared a violator of MRS as of 1-10-2010, but that "Parole or release continued" "subject to Condition(s) of Special Order listed below."

However, Plaintiff remained an inmate and from what the Court can determine, was never released on MSR – he was simply released from the custody of the IDOC.

II. **Anaylsis.**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Initially, the Court received no objections to the R & R and had reviewed the entire file for clear error. Having granted Plaintiff's Motion for Reconsideration, the Court will review *de novo* those portions of the R & R in which objections have been filed.

The R & R recommended that the Defendants' Motion to Dismiss be granted based on the appellate order from the Seventh Circuit which held, "The appellant's § 1983 claim challenges the validity of his term of mandatory supervised release and thus, it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), unless he succeeds in having his convictions or sentences set aside. The appellant has not successfully completed that step, and thus his claim is not yet cognizable." *Whitfield v. Finkle, et al.*, No. 14-2500, (7th Cir. 2014)(appeal from matter No.

1:13-cv-04910 (N.D. Ill).  Because the case at bar is also a § 1983 claim challenging his extended confinement, the R & R recommended granting defendants' Motions to Dismiss because "the claim is barred by *Heck v. Humphrey*."  (Doc. 87).

*Heck v. Humphrey* held that:

> [I]n order to recover damages for allegedly unconsititutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Id* at 486-7.

The *Heck* Court went on to state:

> But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

In this matter, it is clear that Plaintiff is not challenging his criminal conviction, but it appears that a portion of Plaintiff's Complaint still addresses the imposition of MSR after his plea agreements.  Plaintiff argues that his claims "do not bring into question the validity of the Plaintiff's conviction or sentence."  (Doc. 90, pg 3).  According to Plaintiff's objections, his claims are as follows:

1) He was never released on MSR as required by law;

2) Defendants failed/refused to release the Plaintiff on MSR because he exercised his First Amendment right by refusing to sign a document as part of the conditions of his MSR;

3) Plaintiff was retaliated against because he chose to exercise his First Amendment right by refusing to sign the document as part of the conditions of his MSR;

4) Plaintiff was forced by IDOC Officials to serve a more onerous sentence than he was required to serve; and

5) That the time Plaintiff spent in prison after January 7, 2007[2] should have counted towards the MSR term.

The Court agrees that a favorable ruling with regard to the above claims, as stated, would not render the Plaintiff's conviction or sentence invalid with the possible exception of number four. If the Plaintiff is claiming that IDOC Official caused him a "more onerous sentence" by requiring him to serve his MSR in prison instead of releasing him, then he is not putting forth a claim with regard to the imposition of the MSR – only the manner in which it was executed – which would not be barred by *Heck*.

However, Plaintiff's Complaint alleges that MSR was beyond "that which was ordered by the court as part of a negotiated plea agreement." As such, that portion of the Plaintiff's complaint with regard to the imposition of the MSR as beyond the scope of the plea agreement would implicate the validity of the judgment of conviction if Plaintiff received a favorable ruling and is barred by *Heck*.

Defendants also argue that Plaintiff's Complaint should be dismissed under the doctrine of *res judicata*. The doctrine of *res judicata*, also known as claim preclusion, prevents relitigation of matters that were fully litigated in an earlier suit that resulted in a judgment on the merits. *Groesch v. City of Springfield*, 635 F.3d 1020, 1029 (7th Cir. 2011). Because of the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give a state court judgment the same

---

[2] The date Plaintiff alleges he should have been released on MSR.

preclusive effect that the court rendering the judgment would give it. *Haber v. Biomet, Inc.*, 578 F.3d 553, 556 (7th Cir. 2009); *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002). Thus, when examining whether an Illinois court judgment bars a federal lawsuit because of *res judicata*, the Court looks to the preclusive effect an Illinois court would give the judgment in question. *Groesch*, 635 F.3d at 1029; *Licari*, 298 F.3d at 666. Under Illinois law, *res judicata* applies if the prior decision (1) was a final judgment on the merits rendered by a court of competent jurisdiction, (2) involved the same parties or their privies, and (3) constituted the same cause of action as the current suit. *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001); *People ex rel. Burris v. Progressive Land Developers, Inc.*, 602 N.E.2d 820, 825 (Ill. 1992); *Groesch*, 635 F.3d at 1029.

Defendants argue that judgments in *Whitfield v. Gaetz*, No. 09 MR 80, Circuit Court of Randolph County, Illinois, Order of 11/17/209); *Whitfield v. Taylor*, No. 11-3061-RM, Doc. 18, (C.D. Ill); and *Whitfield v. Gaetz,* No. 09-678, Doc. 24, concerning Plaintiff's loss of good conduct credits, precludes this Court from consideration of those claims. However, based on the above statement of claims, Plaintiff is not attempting a claim with regard to the loss of his good conduct credits. Although Plaintiff stated in his Complaint that he lost 13 months of good conduct credits, it appears to be a statement of fact with regard to the history of his incarceration rather than an allegation seeking redress.

However, the Court is not comfortable in assuming the intentions of the Plaintiff in his pleadings. The Court must liberally construe *pro se* pleadings, but Courts are not obliged to craft arguments or perform necessary legal research for *pro se* litigants to cure substantive deficiencies. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Pelfresne v.*

*Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990).   The Complaint states the same general allegation as to each defendant. Further, as stated above, it is difficult to determine what information is general background within the "Nature of Action" and what information relates to the specific allegations of misconduct.

As such, Plaintiff is **DIRECTED** file an amended complaint within 30 days.  Plaintiff is **ADVISED** that his statement of claim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The same general allegation against each defendant is insufficient.  Plaintiff is **ADVISED** to review Federal Rule of Civil Procedure 8 and Local Rule 15.1.  Plaintiff is **WARNED** that failure to file an amended complaint within the allotted time could result in dismissal of this action with prejudice.  Defendants are **DIRECTED** to file an answer to the amended complaint within 30 days from the date the amended complaint is filed.

Based on the above, the Court **REJECTS** the Report and Recommendation (Doc. 87) and Defendants' Motions to Dismiss (Docs. 31 and 66) are **DENIED** except that portion of the Plaintiff's complaint with regard to *imposition* of the MSR is barred.  The Clerk of Court is **DIRECTED** to reopen this matter and provide the Plaintiff a copy of this Order.

   **IT IS SO ORDERED.**

   DATED:  9/28/2015

                              *s/J. Phil Gilbert*
                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**