# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENYEHUDAH WHITFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:13 CV 653 SMY/RJD |
| ) | |
| MICHAEL ATCHINGSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court pursuant to Plaintiff's Motion to Compel and the discovery dispute conference held on May 9, 2017. (Docs. 170, 180.) On July 8, 2013, Plaintiff commenced an action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by miscalculating the date of his release from prison. (Doc. 1.) On October 16, 2015, Plaintiff amended his complaint.[1] (Doc. 99.)

On March 27, 2017, Plaintiff moved for an extension of the discovery deadline from March 27 to April 14, 2017. (Doc. 165.) In the motion for an extension, Plaintiff explained that, on March 14, 2017, Plaintiff requested "certain documents" from Defendants, who objected on the basis of timeliness because Plaintiff failed to serve the requests 31 days before the close of discovery. (*Id.*) On March 29, 2017, operating under the impression that Plaintiff sought a limited number of specifically identified documents, the Court granted the extension. (Doc. 169.) On April 11, 2017, Plaintiff filed the instant motion to compel Defendants to respond to the requests for production, stating that Defendants continued to object on the basis of timeliness.

---

[1] The Court is aware of the pendency of Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 172), which will be decided in a separate order.

(Doc. 170.) Contrary to the Court's prior understanding regarding the scope of the requests, the requests for production at issue consisted of requests for "any and all documents" pertaining to ten different topics. (Doc. 170-5.)

On May 9, 2017, the Court held a discovery dispute conference on the motion to compel. (Doc. 180.) Considering the untimely nature of the discovery requests, the Court instructed Plaintiff to identify specific documents for production in lieu of the broad requests for "any and all documents." Plaintiff requested the date of release calculations from the master file from 1994 to his release. Defendants represented that they believed they had already produced them but would check again.

Plaintiff also requested his mental health medical records from 2007 to the date of his release. Defendants objected to this request on the basis of relevance, arguing that the medical records are not relevant to Plaintiff's claims. Plaintiff responded that the medical records are relevant to his due process claim because Plaintiff may have been mentally incompetent to attend proceedings before the prisoner review board. In the complaint, Plaintiff alleges that he was improperly denied mandatory supervised release by the prisoner review board and others but makes no suggestion that his mental condition contributed to the denial.[2] (Doc. 99.) Based on the lack of relevancy, the Court denies Plaintiff's request for the mental health medical records.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that Plaintiff's Motion to Compel (Doc. 170) is GRANTED with respect to the date of release calculations from Plaintiff's master file from 1994 to his release. Defendants shall ensure that Plaintiff has received these documents by May 24, 2017. Plaintiff's Motion to Compel is DENIED in all other respects.

---

[2] The Court refers to the pro se amended complaint on file rather than the proposed second amended complaint prepared by Plaintiff's counsel. Notably, no allegations in the proposed second amended complaint suggest that Plaintiff's mental condition contributed to the denial of mandatory supervised release.

**SO ORDERED.**

**DATED: May 10, 2017**             *s/     Reona J. Daly*
                                    **UNITED STATES MAGISTRATE JUDGE**